Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
Trevor W. Barrett (SBN 287174)
tbarrett@donigerlawfirm.com
Justin M. Gomes (SBN 301793)
jgomes@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
Attorneys for Plaintiff
PETER MENZEL

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER MENZEL, an individual,<br><br>Plaintiff,<br><br>v.<br><br>TERRA NETWORKS OPERATIONS, INC., a Florida Corporation, individually, and doing business as "TERRA NETWORKS USA" and "TERRA.COM"; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR**:<br><br>1. COPYRIGHT INFRINGEMENT<br><br>2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT<br><br>3. VIOLATIONS OF THE DIGITAL MILLENNIUM COPYRIGHT ACT (17 U.S.C. §1202)<br><br>JURY TRIAL DEMANDED<br><br>[EXHIBITS A & B FILED HEREWITH] |

1    Plaintiff, PETER MENZEL ("MENZEL"), by and through his undersigned

2    attorneys, hereby prays to this honorable Court for relief based on the following:

3                              **INTRODUCTION**

4          This is a case about theft: the illegal taking of original content by a web

5    publication whose entire business model is predicated on the unauthorized

6    exploitation of others' artistic work. Plaintiff MENZEL brings this claim to seek

7    redress for the unauthorized and unlawful publishing and exploitation of his original

8    photography by Defendant TERRA NETWORKS OPERATIONS, INC., individually

9    and doing business as TERRA NETWORKS USA and TERRA.COM ("TERRA").

10         MENZEL is a photojournalist that traverses the globe seeking stories of

11   international interest, focusing often on cultural nuance through intimate personal

12   depictions of people from all walks of life. He expends considerable time, effort, and

13   resources to create original, unique, and inspiring photographs. MENZEL's award-

14   winning photographs have been published in National Geographic, Smithsonian, and

15   Time, among many other influential publications. In addition, MENZEL has

16   produced six full-length books of his photographs.

17         Two of MENZEL's most recent publications explore the typical diet of dozens

18   of people and families from over 30 different countries around the world. MENZEL

19   twice travelled the globe creating stunning original photographs, which he then

20   published in two books entitled, "Hungry Planet: What the World Eats" ("Hungry

21   Planet") and "What I Eat: Around the World in 80 Diets" ("What I Eat"). These

22   books were extremely well-received; Hungry Planet garnered the James Beard Award

23   for Best Book of the Year, and What I Eat garnered the Jane Grigson Award by the

24   International Association of Culinary Professionals and a nomination for the James

25   Beard Award.  As with each of his major publications, these books each required an

26   enomous personal and financial investment from MENZEL. The planning,

27   development, and execution of these projects were years-long processes. The vivid

28
                                        2
                                    COMPLAINT

1   and dynamic nature of MENZEL's photographs resulted in great interest in the

2   books. This interest, though, also led to the unauthorized exploitation of the material

3   by an unscrupulous website that cares greatly about profits and little about the

4   intellectual property rights of the artists it exploits.

5       After MENZEL published the above-named books, TERRA posted at least two

6   "original" articles that were comprised almost entirely of copies of photographs from

7   those books, and did so without acquiring from MENZEL a license or authorization

8   to publish the works.

9       TERRA's illegal copying of Plaintiff's content has negatively impacted

10  Plaintiff's ability to license his photographs featured in Hungry Planet and What I Eat

11  and has also resulted in a diminution in the value of the books. This is the struggle of

12  the modern artist: to succeed in an environment where after years spent traveling the

13  world, conducting research, and taking spectacular photographs, a website will copy

14  an artist's work to rack up page views in complete disregard of the artist's rights and

15  copyright law.

16      Should TERRA be allowed to continue unabated with these business practices,

17  the market for new content will so diminish that only the richest and most corporate-

18  backed creators will be able to create new content of value. And if TERRA's tactics

19  are allowed to normalize, it would encourage other opportunistic sites to adopt the

20  same tactics while reducing the importance and value of copyrights.

21      Copyright law exists to combat and deter such conduct – it incentivizes the

22  creation of new works by providing a means for creators to protect the work they

23  have invested so much time, effort, and resources in creating, and to deter the

24  unlawful exploitation of those works. If we continue to allow TERRA to

25  misappropriate with impunity any content it fancies, photojournalists like MENZEL

26  won't be able to make a living creating haunting and artistic photographs like those

27

28

featured in Hungry Planet and What I Eat, and society will be poorer as a result. The unauthorized exploitation of original art by TERRA cannot be countenanced.

To that end, MENZEL brings this lawsuit, alleging the following:

## JURISDICTION AND VENUE

1.    This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq*.

2.    This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3.    Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4.    MENZEL is an individual residing in Napa, California.

5.    Plaintiff is informed and believes and thereon alleges that Defendant TERRA NETWORKS OPERATIONS, INC. is a corporation incorporated in and existing under the laws of the state of Florida, is doing business as "TERRA NETWORKS USA" and "TERRA.COM," and is doing business in and with the state of California.

6.    Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

1    7.    Plaintiff is informed and believes and thereon alleges that at all times

2    relevant hereto each of the Defendants was the agent, affiliate, officer, director,

3    manager, principal, alter-ego, and/or employee of the remaining Defendants and was

4    at all times acting within the scope of such agency, affiliation, alter-ego relationship

5    and/or employment; and actively participated in or subsequently ratified and adopted,

6    or both, each and all of the acts or conduct alleged, with full knowledge of all the

7    facts and circumstances, including, but not limited to, full knowledge of each and

8    every violation of Plaintiff's rights and the damages to Plaintiff proximately caused

9    thereby.

10    **CLAIMS RELATED TO PLAINTIFF'S PHOTOGRAPHS**

11    8.    Plaintiff captured a number of discrete, original photographs (the

12    "Subject Photographs"). After completing these photographs he posted them on his

13    web site and included them in two books, which he titled "Hungry Planet: What the

14    World Eats" and "What I Eat: Around the World in 80 Diets" (collectively the

15    "Subject Books").  The Subject Photographs, were published and registered with the

16    United States Copyright Office, before the infringement at issue.

17    9.    Plaintiff's investigation revealed that TERRA published a post on its

18    website on or about July 12, 2011 displaying at least nine (9) of the Subject

19    Photographs ("Subject Post A").  True and correct depictions of certain of the Subject

20    Photographs and the corresponding photographs from Subject Post A are attached

21    hereto as Exhibit A.

22    10.    Plaintiff's investigation revealed that TERRA published a post on its

23    website in or about July of 2014 displaying at least fourteen (14) of the Subject

24    Photographs ("Subject Post B" and collectively with Subject Post A, the "Subject

25    Posts").  True and correct depictions of certain of the Subject Photographs and the

26    corresponding photographs from Subject Post B are attached hereto as Exhibit B.

27

28

1    11.    Plaintiff is informed and believes and thereon alleges that the copied

2  images of the Subject Photographs in the Subject Posts were altered to remove

3  certain of Plaintiff's copyright management information.

4    12.    Prior to the alleged infringement, Plaintiff had finalized and formatted the

5  Subject Photographs, and published them on his website, and in the Subject Books.

6    13.    Plaintiff is informed and believes and thereon alleges that, without

7  Plaintiff's authorization, Defendants, and each of them, used and distributed images

8  that are identical, or substantially similar, to at least twenty-three (23) of the Subject

9  Photographs in at least two posts on TERRA's website.

10    14.    Plaintiff is informed and believes and thereon alleges that TERRA

11  operates a popular, internationally-renowned website and derives revenues by selling

12  advertising against its content, and that those revenues increase as traffic to the

13  website increases.

14    **FIRST CLAIM FOR RELIEF**

15    (For Copyright Infringement – Against all Defendants, and Each)

16    15.    Plaintiff repeats, re-alleges, and incorporates herein by reference as

17  though fully set forth, the allegations contained in the preceding paragraphs of this

18  Complaint.

19    16.    Plaintiff is informed and believes and thereon alleges that Defendants,

20  and each of them, had access to the Subject Photographs, including, without

21  limitation, through (a) viewing the Subject Photographs on Plaintiff's website, (b)

22  viewing Subject Photographs in a digital version of the Subject Books, and (c)

23  viewing Subject Photographs in a physical copy of the Subject Books.

24    17.    Plaintiff is informed and believes and thereon alleges that Defendants,

25  and each of them, used and distributed images that were copied from the Subject

26  Photographs, and exploited said images at least in at least one website post entitled

27

28

"Hungry Planet: ¿Qué come el mundo?"[1], and one website post entitled "Descubre qué come la gente en 'la vuelta al mundo en 80 dietas.'"[2]

18.     Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyrights by creating an infringing and/or derivative work from the Subject Photographs and by publishing the work which infringes the Subject Photographs to the public, including without limitation, through TERRA.COM.

19.     Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's rights by copying the Subject Photographs as pictured in the Subject Books, without Plaintiff's authorization or consent.

20.     Due to Defendants', and each of their, acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

21.     Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's rights in the Subject Photographs and Subject Books. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of his rights in the Subject Photographs and Subject Books in an amount to be established at trial.

22.     Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and

---

[1] *See* https://vidayestilo.terra.com.pe/mujer/familia/hungry-planet-que-come-el-mundo,1cd55b0926021310VgnVCM10000098f154d0RCRD.html
 (offline as of August 16, 2017).
[2] *See* http://vidayestilo.terra.com/mujer/descubre-que-come-la-gente-en-la-vuelta-al-mundo-en-80-dietas,d5d97f2647915410VgnVCM20000099cceb0aRCRD.html
(offline as of August 16, 2017).

each of them, to liability for statutory damages under Section 504(c)(2) of the

Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00)

per infringement. Within the time permitted by law, Plaintiff will make his election

between actual damages and statutory damages.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement – Against all

Defendants, and Each)

23.    Plaintiff repeats, re-alleges, and incorporates herein by reference as

though fully set forth, the allegations contained in the preceding paragraphs of this

Complaint.

24.    Plaintiff is informed and believes and thereon alleges that Defendants

knowingly induced, participated in, aided and abetted in and profited from the illegal

reproduction and distribution of the Subject Photographs as alleged hereinabove.

25.    Plaintiff is informed and believes and thereon alleges that Defendants,

and each of them, are vicariously liable for the infringement alleged herein because

they had the right and ability to supervise the infringing conduct and because they

had a direct financial interest in the infringing conduct.

26.    By reason of the Defendants', and each of their, acts of contributory and

vicarious infringement as alleged above, Plaintiff has suffered and will continue to

suffer substantial damages to his business in an amount to be established at trial, as

well as additional general and special damages in an amount to be established at trial.

27.    Due to Defendants' acts of copyright infringement as alleged herein,

Defendants, and each of them, have obtained direct and indirect profits they would

not otherwise have realized but for their infringement of Plaintiff's rights in the

Subject Photographs and Subject Books. As such, Plaintiff is entitled to disgorgement

of Defendants' profits directly and indirectly attributable to Defendants' infringement

of his rights in the Subject Photographs and Subject Book, in an amount to be established at trial.

28.   Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Plaintiff will make his election between actual damages and statutory damages.

### THIRD CLAIM FOR RELIEF

(For Violations of the Digital Millennium Copyright Act (17 U.S.C. §1202 –
Against all Defendants, and Each)

29.   Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

30.   Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, violated 17 U.S.C. §1202(b) by intentionally removing and/or altering the copyright management information, in the form of metadata or visible text attribution, on the copy of at least one Subject Photograph, and distributing copyright management information with knowledge that the copyright management information had been removed or altered without authority of the copyright owner or the law, and distributing and publicly displaying the material, knowing that copyright management information had been removed or altered without authority of the copyright owner or the law, and knowing, or, with respect to civil remedies under section 1203, having reasonable grounds to know, that the conduct would induce, enable, facilitate, or conceal an infringement of any right under this title.

31.    The above conduct is in violation of the Digital Millennium Copyright Act and exposes Defendants, and each of them, to additional and enhanced common law and statutory damages and penalties pursuant to 17 USC § 1203 and other applicable law.

32.    Plaintiff is informed and believes and thereon alleges that Defendants, and each of their, conduct as alleged herein was willful, reckless, and/or with knowledge, and Plaintiff resultantly seeks enhanced damage and penalties.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follows:

### Against all Defendants, and Each:

With Respect to Each Claim for Relief:

a.  That Defendants, and each of them, as well as their employees, agents, or anyone acting in concert with them, be enjoined from infringing Plaintiff's copyrights in the Subject Photographs and Subject Books, including without limitation an order requiring Defendants, and each of them, to remove any content incorporating, in whole or in part, the Subject Photographs or the Subject Books from any print, web, or other publication owned, operated, or controlled by any Defendant.

b.  That Plaintiff be awarded all profits of Defendants, and each of them, plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants, and each of them, through their infringement, the exact sum to be proven at the time of trial, and, to the extent available, statutory damages as available under the 17 U.S.C. § 504, 17 U.S.C. §1203, and other applicable law.

c.  That a constructive trust be entered over any revenues or other proceeds realized by Defendants, and each of them, through their infringement of Plaintiff's intellectual property rights;

d.  That Plaintiff be awarded his attorneys' fees as available under the Copyright Act U.S.C. § 101 et seq.;

e.  That Plaintiff be awarded his costs and fees under the statutes set forth above;

f.  That Plaintiff be awarded statutory damages and/or penalties under the statutes set forth above;

g.  That Plaintiff be awarded pre-judgment interest as allowed by law;

h.  That Plaintiff be awarded the costs of this action; and

i.  That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: November 9, 2017              By: */s/ Scott Alan Burroughs*
                                     Scott Alan Burroughs, Esq.
                                     Trevor W. Barrett, Esq.
                                     Justin M. Gomes, Esq.
                                     DONIGER / BURROUGHS
                                     Attorneys for Plaintiff
                                     PETER MENZEL

11
COMPLAINT